IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHIM CALDWELL,<br><br>             Plaintiff,<br><br>       v.<br><br>CVS CORP.,<br><br>             Defendant. | HON. RENÉE MARIE BUMB<br><br>Civil No. 05-5750 (RMB)<br><br>**<u>OPINION</u>** |

APPEARANCES:

Rahim Caldwell
1299 East Cornell St.
Vineland, NJ 08360
     <u>Pro Se</u> Plaintiff

Christopher S. Kozak
EDWARDS, ANGELL, PALMER & DODGE, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5006
     Attorney for Defendant

**RENÉE MARIE BUMB,** U.S. District Judge:

       This matter comes before the Court upon the motion of Defendant CVS Corp. ("CVS") to dismiss the complaint brought by Plaintiff Rahim Caldwell for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12 (b)(6). Caldwell alleges that, while he was shopping at a CVS pharmacy, an employee deprived him of numerous constitutional rights.  In particular, Caldwell claims that he was: (1) discriminated against by CVS; (2) subject to racial profiling; (3) unlawfully

touched by a CVS employee; (4) unlawfully detained; (5) forced to place his personal belongings on the store counter; (6) denied requested information; (7) and was not given an apology after the employee accused him of shoplifting. In doing these acts, Plaintiff alleges his "constitutional rights were violated," including the Thirteenth Amendment. Because Caldwell has failed to make a claim upon which relief may be granted, CVS' motion to dismiss will be granted.

## I. BACKGROUND

Plaintiff, Rahim Caldwell, alleges that while at a CVS store, he was approached by a CVS manager and improperly accused of shoplifting. Vineland police were called to the scene and, according to Plaintiff, he was asked to place his personal belongings on the store counter. (Compl. at 1.) Vineland police instructed him that he was "free to go" when no stolen merchandise was found. (<u>Id.</u>)

Plaintiff filed a Complaint (the "Complaint") against CVS on February 7, 2006 alleging numerous constitutional violations. The Complaint states in its entirety:

> Plaintiff Rahim Caldwell, a U.S. citizen, constitutional rights were violated, claims he was discriminated and racially profiled by [CVS] when he was inside CVS then approached by a women (sic)(manager of CVS) employed by [CVS] defendant then unlawfully touched plaintiff, then accused Mr. Caldwell of shoplifting by stating "I seen what you put in your pocket." Mr. Caldwell stated "I did nothing wrong & that her actions were discriminatory, that this was discrimination, and that plaintiff was going to file a discrimination lawsuit against [CVS] well as the woman

>personally.  City of Vineland police department were called, plaintiff was unlawfully detained, and forced by both the [CVS] manager as well as the city of Vineland police department to place all personal belongings on the counter of [CVS].  Findings were negative; plaintiff was then told by Vineland police that he was free to go, but [CVS] manager, nor city of Vineland police department never gave an apology to Mr. Caldwell for the accusations of shoplifting.  Also many other constitutional rights were violated.  Plaintiff was also denied info requested, such as all names of parties involved.  Constitution 13th amendment abolished slavery and involuntary servitude.

(Compl. at 1.)  CVS filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12 (b)(6).  [Docket Item No. 9.]  Plaintiff failed to oppose CVS' motion.

## II. **STANDARD OF REVIEW**

A Rule 12 (b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is not necessary for the plaintiff to plead evidence, and

it is not necessary to plead the facts that serve as the basis for the claim. See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977); In re Midlantic Corp. Shareholder Litig., 758 F. Supp. 226, 230 (D.N.J. 1990). The question before the court is not whether a plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle them to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

In particular, "[p]ro se submissions, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Then v. I.N.S., 58 F. Supp. 2d 422, 429 (D.N.J. 1999)(quoting Estelle v. Gamble, 429 U.S. 97,

4

106 (1976)).

**III. DISCUSSION**

    **A. Plaintiff's constitutional claims**

Plaintiff's self-styled Complaint is not a model of clarity. However, the Court surmises that Plaintiff alleges that he was deprived of certain constitutional rights because CVS engaged in racial profiling, discriminated against him, unlawfully detained him, and required him to place his belongings on the store counter, in violation of his Fourth and Fourteenth Amendment rights. (Compl. at 1.)  Due to the lack of clarity of Plaintiff's Complaint, the Court will consider these claims under 42 U.S.C. § 1983.

Section 1983 allows a plaintiff to bring a claim for certain violations of his or her constitutional rights.[1]  To state a claim for relief under § 1983, a plaintiff must allege that the defendant: (1) violated a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, CVS was not acting under color of state law - indeed Plaintiff makes no such argument - - and therefore Plaintiff has no claim under § 1983.  It is an established principle of constitutional law that the protections provided by the Fourth and Fourteenth Amendments apply solely to federal and state actors.  See Dluhos v. Strasberg, No. 00-CV-3163, 2001 WL 1720272, at *3 (D.N.J. 2001)(overruled on other grounds by Dluhos v. Strasberg, 321 F.3d 365 (3d Cir. 2003)).  In Lugar v. Edmondson Oil Co., Inc., the Supreme Court held that "because the [Fourteenth Amendment] is directed at the states, it can be violated only by conduct that may be fairly characterized as 'state action.'"  457 U.S. 922, 924 (1982); see also Shelley v. Kraemer, 334 U.S. 1, 13 (1948).  Regarding the Fourth Amendment, the Court has "also consistently construed this protection as proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official.'"  United States v. Jacobsen, 466 U.S. 109, 113 (1984)(quoting Walter v. United States, 447 U.S. 649, 662 (1980)).

As set forth in the defendant's moving papers, CVS owns and operates a convenience store and a pharmacy, and does not perform a public function.  Therefore, the actions of CVS do not constitute state action and Plaintiff does not satisfy the requirements of § 1983.

**B. Plaintiff's Thirteenth Amendment claim**

Plaintiff's Complaint appears to also allege that CVS violated Plaintiff's Thirteenth Amendment rights by detaining him.  (Compl. at 1.)  Based on the facts alleged in the Complaint, however, this Court finds that Plaintiff can prove no set of facts to establish a claim of involuntary servitude under the Thirteenth Amendment.

The requirements of a violation of an individual's Thirteenth Amendment rights are clear.  See United States v. Kozminski, 487 U.S. 931 (1988).  In United States v. Kozminski, the Supreme Court held that:

> The primary purpose of the [Thirteenth] Amendment was to abolish the institution of slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase "involuntary servitude" was intended to extend to "cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results."

487 U.S. at 942 (1988)(quoting Butler v. Perry, 240 U.S. 328, 332 (1913)).  The Court further noted that "while the general spirit of the phrase 'involuntary servitude' is easily comprehended, the exact range of conditions it prohibits is harder to define."  Id.

This Court holds that the actions of CVS constitute neither "compulsory labor" nor physical coercion. Caldwell failed to allege any facts which demonstrate that CVS' employee's conduct rises to the level prohibited by the Thirteenth Amendment. As Plaintiff's own Complaint alleges, the by Vineland police told him that he was "free to go." (Compl. at 1.) Therefore, Plaintiff cannot meet the necessary threshold to establish a claim under the Thirteenth Amendment.

**C. Plaintiff's claim of unlawful touching**

Caldwell also alleges that he was "unlawfully touched" by a CVS manager. Plaintiff's Complaint, however, fails to meet even the lenient pleading standard required by Fed. R. Civ. P. 8 for a pro se plaintiff.

Under Fed. R. Civ. P. 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and it is to be "simple, concise, and direct." Fed. R. Civ. P. 8(a), (e). A primary purpose of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, pro se complaints are not held to the same standards as pleadings drafted by attorneys and must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Construing the Complaint liberally, Plaintiff's Complaint

8

regarding his claim of unlawful touching does not meet even the more liberal standard of Fed. R. Civ. P. 8.  The Complaint does not mention the date of the incident nor the location of the CVS store.  It states no facts in support of Caldwell's allegation, such as the nature of the incident or the actions of the CVS employee.  The Third Circuit Court of Appeals has held that a complaint containing mere conclusions of law, without supporting facts, is insufficient to state a claim.  See Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971)(dismissing a pro se complaint for failure to state a claim upon which relief may be granted because complaint simply included conclusions of law unsupported by any facts).  Therefore, this Court finds that Plaintiff's allegation of unlawful touching is not factually supported and too vague to give CVS adequate notice about the nature of the claim.

### D. Plaintiff's additional claims

Plaintiff additionally alleges that he was not given an apology by CVS for improper accusations of shoplifting and that he was denied requested information.  However, these allegations state no cause of action under New Jersey or federal law and are therefore dismissed.

### IV. CONCLUSION

For the above stated reasons, CVS' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.  The

9

accompanying Order will be entered.

                                                              s/Renée Marie Bumb
                                                              RENÉE MARIE BUMB
                                                              United States District Judge

Dated: August 10, 2006